**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                            :
SEAN W. LEE,                :
                            :      Civil No. 09-3853 (NLH)
            Plaintiff,      :
                            :
        v.                  :
                            :          OPINION
UNITED STATES OF AMERICA,   :
                            :
            Defendant.      :
_____ :
```

**APPEARANCES:**

        SEAN W. LEE, Plaintiff pro se
        #20178076
        F.C.I. Fort Dix
        P.O. Box 2000
        Fort Dix, New Jersey 08640

**HILLMAN, District Judge**

    Plaintiff, Sean W. Lee ("Lee"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this application to void judgment against him.  This mater was docketed by the Clerk of the Court as a prisoner civil rights complaint; however, the Court will construe the application as one seeking habeas relief because petitioner seeks his immediate release from federal prison.  More specifically, in his mostly obfuscatory petition, Lee states that his application challenging the jurisdiction of the federal court

issuing the judgment of conviction against him may be made in a habeas petition.  (Docket entry no. 1, at ¶ 25).

This Court has reviewed the petition, as well as Lee's demand to vacate Void Judgment filed on August 5, 2009 (docket entry no. 2), his Writ of Default Summary Judgment filed on August 17, 2009 (docket entry no. 3), his Final Notice and Res Judicata and Certificate of Final Notice of Entry and Res Judicata, filed respectively on August21, 2009 and September 21, 2009 (docket entry nos. 4 and 5), his Writ of Praecipe filed on September 25, 2009 (docket entry no. 6), and his Refusal for Cause filed on November 18, 2009 (docket entry no. 7), and for the reasons set forth below, will dismiss this action for lack of jurisdiction.[1]

I.  BACKGROUND

Lee submits a petition for his immediate release from prison on the ground that a judgment of conviction rendered against him in a federal district court is void for lack of subject matter

---

[1]  Lee submitted a handwritten application to proceed in forma pauperis ("IFP") in this matter, which avers and sets forth information that he is unable to pay the fees and costs of the proceedings.  However, Lee did not provide a certification signed by an authorized officer of FCI Fort Dix, where he is confined, certifying the amount he has on deposit in his prison account and the greatest amount on deposit in his account during the six months preceding the date of the certification.  See Local Civil Rule 81.2(b).  Nevertheless, because this Court must dismiss this matter for lack of jurisdiction, the Court will dismiss Lee's IFP application as moot.  The Clerk of the Court will be directed to close the matter without assessing fees or costs accordingly.

jurisdiction. Lee's application for release is a rambling, disjointed legal argument with no supporting or relevant facts concerning the judgment he is seeking to void. In fact, Lee does not identify the judgment of conviction at issue, or the court in which it was entered. He does allude to the United States District Court for the Western District of Tennessee (Memphis), but claims that he can not find any judgment issued against him under his "true appellation' of Sean W. Lee. (Docket Entry No. 2 at ¶ 13).

It appears that Lee's sole argument for habeas relief, or alternatively, his demand to vacate the void judgment pursuant to Fed.R.Civ.P. 60(b), is based on a claim that the federal district courts do not have jurisdiction over him and therefore, any judgment of conviction is void. Specifically, Lee asserts that he is a "private man of GOD on land, ... here by 'SPECIAL VISITATION' to correct the United States District Court in and for the Western District of Tennessee in Memphis and record, to prevent the continuing irreparable harm, wrongs, and injuries to Myself." Lee further asserts that he is "natural free-born American National, sovereign, Sui Juris, De Jure Solis, Jure Divino; sent into this world through Nature and Nature's GOD, to inhabit the body of flesh, bone and blood: The Creator's temple; to command with absolute authority, and complete diplomatic immunity the Natural and Unalienable Rights guaranteed to GOD's

people. ... [and that his] venue is now, and always has been foreign to the United States... ."  (Docket entry no. 2, ¶¶ 4-8, 26, and 29).

This Court reviewed the Public Access to Court Electronic Records ("PACER") for any judgment of conviction entered against Sean William Lee in the United States District Court for the Western District of Tennessee (Memphis).  It appears that, on December 12, 2005, Lee pled guilty to one count of use of computer/telephone system for purpose of persuading a minor to engage in sexual acts, in violation of 18 U.S.C. § 2422(b), and one count of criminal forfeiture allegations under 18 U.S.C. § 2253.  Lee was sentenced on June 14, 2006, to a prison term of 188 months to be followed by supervised release for life.  As a condition of release, Lee also was ordered to participate in a specialized sex offender treatment program.  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(redacted Judgment, docket entry no. 77).

On June 25, 2006, Lee filed a Notice of Appeal before the United States Court of Appeals for the Sixth Circuit regarding the conditions of release, namely, the requirement that he participate in a sex offender treatment program as a condition of release.  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 78).  On September 17, 2007, the Sixth Circuit dismissed Lee's appeal without prejudice, on the ground

4

that it was not ripe for review.  See id. (Docket entry no. 92).
The mandate for the court's disposition of Lee's appeal was
issued on November 2, 2007.  See id. (Docket entry no. 95).

It does not appear that Lee filed a motion to vacate his
sentence or conviction pursuant to 28 U.S.C. § 2255.

### III.  DISCUSSION

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a
> writ of habeas corpus shall forthwith award the writ or
> issue an order directing the respondent to show cause why
> the writ should not be granted, unless it appears from the
> application that the applicant or person detained is not
> entitled thereto.

Lee brings his habeas petition as a pro se litigant.  A pro
se pleading is held to less stringent standards than more formal
pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97,
106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se
habeas petition and any supporting submissions must be construed
liberally and with a measure of tolerance.  See Royce v. Hahn,
151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878
F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414
F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides
in relevant part:

> © The writ of habeas corpus shall not extend
> to a prisoner unless- . . . He is in custody
> in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.   Jurisdictional Issue

Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court.  28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

A motion under 28 U.S.C. § 2255, and not a writ of habeas corpus under 28 U.S.C. § 2241, is the presumptive means by which a federal prisoner can challenge his conviction or sentence that are allegedly in violation of the Constitution.  See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke, 307 F.3d at 120.  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under the general writ of habeas corpus, unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically,
paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d
536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.
1997).

A § 2255 motion is inadequate or ineffective "only where the
petitioner demonstrates that some limitation of scope or
procedure would prevent a § 2255 proceeding from affording him a
full hearing and adjudication of his wrongful detention claim."
Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy,
not the personal inability to use it, that is determinative."
Id.  "Section 2255 is not 'inadequate or ineffective' merely
because the sentencing court does not grant relief, the one-year
statute of limitations has expired, or the petitioner is unable
to meet the stringent gatekeeping requirements of the amended §

---

[2] The "inadequate or ineffective" language was necessary
because the Supreme Court held that "the substitution of a
collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a
suspension of the writ of habeas corpus."  Swain v. Pressley, 430
U.S. 372, 381 (1977).

2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Here, Lee does not contend that § 2255 is "inadequate or ineffective."  In fact, he completely ignores § 2255 as a means for challenging his conviction.  Instead, he manufactures a completely nonsensical argument that he is not subject to jurisdiction of the federal district courts, and won't even identify the judgment of conviction that he is attempting to void under a preposterous and delusional theory that federal jurisdiction does not exist over him.  Lee does not even indicate whether he has filed any direct appeal from his judgment of conviction, or a § 2255 motion to vacate that judgment before bringing this action, although it appears from a Court search on PACER that a direct appeal was filed and dismissed without prejudice, and a § 2255 motion was never filed in the court where Lee was sentenced.

Accordingly, this Court concludes that Lee has not demonstrated that a § 2255 petition is inadequate or ineffective because he has failed to show any "limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording him a full hearing and adjudication" of his claim for relief.  Cradle, 290 F.3d at 538.  Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

8

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.  Thus, there is no basis for Lee bringing this action under § 2241.

This Court construes this action, which seeks to challenge the validity of a judgment of conviction, as one for relief under 28 U.S.C. § 2255, rather than under § 2241.  Regardless of the label used by Lee, the subject matter of the petition, and not the title he assigns, determines its status.  The relief sought by Lee in this case falls squarely within the grounds for which a prisoner may challenge his sentence or conviction pursuant to Section 2255.  See Reaves, 177 Fed. Appx. at 213 (a motion under § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); United States v. Coleman, 162 Fed. Appx. 163, 164 (3d Cir. 2006) (same).

To the extent that Lee now wishes to challenge the validity of his conviction, he must do so by a motion under § 2255, which must be brought in the court where he was convicted and sentenced.[3]  Moreover, because Lee did not raise this jurisdictional argument in his direct appeal, he would be

---

[3]   It would appear that a § 2255 motion may now be time-barred, and was so even at the time Lee filed this action on July 24, 2009.  His judgment of conviction was entered on June 14, 2006, and his direct appeal, limited to a discrete sentencing issue, was dismissed on September 17, 2007.  However, because this Court is dismissing this action for lack of subject matter jurisdiction, the Court will refrain from discussing the procedural or substantive merits of the case.

precluded from raising it now.[4]   Indeed, it is clear from the record of his criminal proceeding that Lee consented to the jurisdiction of the United States District Court for the Western District of Tennessee (Memphis) because Lee actually pled guilty to the charges that are the subject of conviction judgment he now challenges.  Further, by virtue of his guilty plea, he acquiesced to a waiver of appeal.

Consequently, this Court lacks jurisdiction over this petition, and it should be dismissed accordingly.  Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, this Court finds that it would not be in the interests of justice to transfer this petition to the United States District Court for the Western District of Tennessee

---

[4]   Lee's direct appeal involved only that portion of his sentence which imposed the special condition of release requiring participation in a sex offender treatment program, namely, submission to penile plethysmograph testing.  The appeal was dismissed without prejudice on the ground that this specific claim was not yet ripe.  However, in its September 17, 2007 Opinion, the Sixth Circuit remarked that Lee's guilty plea served as a waiver of appeal, which would arguably foreclose his appeal.  The court entertained Lee's appeal because it "possibly implicate[d] [a claim of] ineffective assistance by his counsel."  See United States v. Lee, 2:05cr20120-JDB-1 (W.D. Tenn.)(Docket entry no. 92, Opinion at pg. 3).  Lee's present claim for relief from judgment, based on a nonsensical argument that he is not now, and was not then, subject to the sentencing court's jurisdiction, does not implicate an ineffective assistance of counsel claim sufficient to overcome his waiver of appeal.

(Memphis), because petitioner has declined to affirmatively identify the sentencing court from which the challenged judgment of conviction was issued.  Therefore, this petition will be dismissed with prejudice for lack of jurisdiction.

C.   Petitioner's Various Motions

Because this petition will be dismissed for lack of subject matter jurisdiction, Lee's various motions and applications filed in this matter, namely, docket entry nos. 2, 3, 4, 5, 6 and 7, shall be dismissed as moot.

## CONCLUSION

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  All motions and other applications for relief submitted in this action are dismissed as moot.  An appropriate Order accompanies this Opinion.


     /s/ NOEL L. HILLMAN
     NOEL L. HILLMAN
     United States District Judge

At Camden, New Jersey

Dated: December 29, 2009


11